DANIEL L. SHERMAN ET AL. v. GEORGE G. CARVILLE.

1. *Supplementary Proceedings.*—A return of *nulla bona* is a sufficient basis for supplementary proceedings authorized by the statute.

2. *Garnishment of Proceeds of Partition Sale in the hands of a Commissioner of*

*Court.*—Where partition is made of real estate by selling the same and discharging liens thereon and dividing the net proceeds after the discharge of the liens, such proceeds may be reached by the creditors of one of the claimants, by garnishment, to subject the share of such claimant to the payment of the debts due such creditors.

3.  *Voluntary Assignment of Interest in such Proceeds.*—Such assignment as to creditors is null and void.

Filed May 13, 1881.

Appeal from Harrison Circuit Court.

William T. Jones, Samuel J. Wright, Jordan & Jordan, for appellants, distinguished *Coffin* v. *McClure*, 23 Ind. 358, as to answers as evidence in such cases; *Pursell* v. *Pappenheimer*, 11 Ind. 327, as to construction of statute.

Benjamin P. Douglass & S. M. Storkslager, for appellee, cited *Coffin* v. *McClure*, 23 Ind. 358, as to the object of supplementary proceedings, and proceedings therein; cases cited in 2 Davis' Dig., p. 1139, sub-title 442; Iglehart's Plead. and Prac., p. 16, sub. 23, as to taking undisputed allegations as true; 62 Ind. 345, as to charging moneys in commissioner's hands; 2 Davis' Stat. 228, as to when supplementary proceedings may be instituted; §§ 518, 522, p. 231, as to the remedy provided thereby.

Opinion of the court by Mr. Justice Woods.

Proceedings supplementary to execution. Judgment for the appellee, who was the plaintiff below. The sole ground on which the appellants predicate their appeal is that the finding and judgment of the court is not supported by sufficient evidence. The only respect in which it is claimed that the evidence is defective is in this: that it was not shown that Sherman, the judgment defendant, had no leviable property out of which the judgment could have been made, nor that the appellant, Jones, had money or credits in his hands belonging to said Sherman.

On the first point it is sufficient to say that it was proven that an execution issued on the judgment had been returned "nulla bona," and by sections 518 and 522 of the code, such return is sufficient to entitle the judgment plaintiff to prosecute the proceedings supplementary to execution therein provided.

In reference to the second point, the fact was admitted in the pleadings and needed no proof. The complaint showed that in a certain suit for the partition of real estate of which said Sherman

was the half owner, subject to certain specified liens, said Jones had been appointed by the Harrison Circuit Court a commissioner to sell the property, divide the proceeds, and, after discharging the liens, to pay over to said Sherman the remainder of his share, the one-half of the sum realized from the sale; that a sale had been made for $6,000, and there remained in, or would come into, the hands of said commissioner the sum of one thousand dollars for the use of said Sherman, after paying the said liens. The answer of the appellants, which, like the complaint, was verified, admitted the facts averred by the plaintiff except that there remained anything in or to come into the hands of the commissioner for the use of Sherman. This was not specifically denied, but it was alleged that before the commencement of this proceeding Sherman had made an assignment of his interest in the proceeds of the said sales to the appellant, Dall, a copy of which assignment was filed with and made a part of the answer. Some attempt was also made by said commissioner Jones, to show that he had paid out more than had come to his hands for the use of Sherman, before he was served with notice of this suit. The sale for the price charged in the complaint having been admitted, the burden was on the appellants to show what disposition had been made of the share of Sherman in the proceeds remaining after payment of the liens thereon.

The alleged assignment to Dall was, on its face, null and void, as against Sherman's creditors, because voluntary and made in trust for the benefit of Sherman's children; and neither by their answers nor by proof did the appellants show that the remainder of the $3,000 coming to Sherman from the proceeds of said sale, after discharging the liens thereon, and paying the costs of the procedure, had been paid out before the commencement of this action, either to Sherman or his said assignee. The answer of Jones showed that $1,500 of the price for which the sale was made, had not been collected, and of that sum, upon all the facts, as shown without dispute in the complaint and answers, it is manifest that an amount would remain of Sherman's share greater than the sum found due the plaintiff on his judgment. The proof also showed that Sherman was not a householder, and was, therefore, not entitled to an exemption.

Judgment affirmed with costs.

Howk, J., was absent.